[716 NYS2d 73]

In the Matter of MARK A. BARON (Admitted as MARK ALLEN BARON), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, November 13, 2000

APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Diana Maxfield Kearse* of counsel), for petitioner.

*Flamhaft Levy Kamins & Hirsch,* Brooklyn *(Barry Kamins* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a petition containing one charge of professional misconduct against him. After a hearing, the Special Referee sustained the charge. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline as the Court deems appropriate under the circumstances. The respondent joins in the motion to confirm, but asks the Court to consider the mitigating factors in determining an appropriate sanction.

The charge alleged that the respondent is guilty of professional misconduct as he has been convicted of a serious crime, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (8) (now [7]) (22 NYCRR 1200.3 [a] [5], [8] [now (7)]).

On April 29, 1999, the respondent pleaded guilty in the New York Criminal Court, Richmond County, to attempted official misconduct, in violation of Penal Law §§ 110.00 and 195.00, a class B misdemeanor. The conduct concerned the performance of his duties as a Hearing Officer for the New York City Department of Finance, Environmental Control Board. The respondent was sentenced to a conditional discharge, conditioned upon his compliance with orders of protection entered by the Court, and his continuation with counseling.

Since the respondent has admitted the charge in full and has joined in the Grievance Committee's motion to confirm the Special Referee's report, the motion is granted.

In determining an appropriate measure of discipline to impose, the respondent emphasizes his candor with the Grievance Committee and the Special Referee, the character references which attest to his reputation for honesty and integrity, his remorse, and the progress which he has made in therapy. In terms of prior disciplinary history, the respondent was issued a letter of caution, dated September 22, 1989, based upon an unexcused failure to appear in court on behalf of a client.

Under the totality of circumstances, the respondent is suspended from the practice of law for one year.

MANGANO, P. J., BRACKEN, O'BRIEN, RITTER and SANTUCCI, JJ., concur.

Ordered that the motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Mark A. Baron, is suspended from the practice of law for a period of one year, commencing immediately, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of one year upon furnishing satisfactory proof that (a) during the said period he refrained from practicing or attempting to practice law, (b) he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (*see*, 22 NYCRR 691.10), and (c) he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Mark A. Baron, shall continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.